1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RODOLFO PIMENTEL-HERRERA | ) | CASE NO. 3:12-cv-2627-AJB |
| Petitioner, | ) | CRIM. NO. 3:11-cr-1391-AJB |
| | ) | |
| v. | ) | **ORDER DENYING PETITIONER'S** |
| | ) | **MOTION UNDER 28 U.S.C. § 2255 TO** |
| UNITED STATES OF AMERICA | ) | **VACATE, SET ASIDE, OR CORRECT** |
| | ) | **SENTENCE BY A PERSON IN FEDERAL** |
| Respondent | ) | **CUSTODY** |
| | ) | |
| _____ | ) | [Doc. No. 45 in 3:11-cr-1391] |

Presently before the Court is Petitioner Rodolfo Pimentel-Herrera's ("Petitioner") motion to vacate, set aside, or correct his conviction and sentence pursuant to 28 U.S.C. 2255.  (Doc. No. 45.)[1] Petitioner, a federal inmate proceeding *pro se*, seeks relief based on his claims that the conviction and the sentence below were improper, and that he received ineffective assistance of counsel.  In accordance with Civil Local Rule 7.1.d.1, the Court finds this motion suitable for determination on the papers and without oral argument.  Accordingly, the motion hearing scheduled for December 6, 2012, is hereby vacated.  Having considered the parties' arguments, and for the reasons set forth below, the Court **DENIES** Petitioner's motion to vacate, set aside, or correct his sentence.

_____

[1] All document numbers refer to Case No.: 11cr1391 unless otherwise noted.

### *Background*

On March 17, 2011, Petitioner was arrested and charged with violation of 8 U.S.C. § 1326 (a) and (b), Deported Alien Found in the United States, a Class C felony.  On May 3, 2011, Petitioner pled guilty to the charge before Magistrate Judge Louisa S. Porter.  (Doc. No. 47; Ex. A.)  Petitioner pled guilty without the benefit of a plea agreement with the government, neither written or oral. (*Id.*)  During the plea colloquy, Judge Porter informed Petitioner of his rights under Rule 11 of the Federal Rules of Criminal Procedure, including, but not limited to, his maximum sentencing exposure, the applicability of the Sentencing Guidelines, and the rights Petitioner gave up as a result of his guilty plea.  (*Id*. at 1-8.) Judge Porter also asked Petitioner whether he was promised anything by anyone that may have been a factor in his decision to plead guilty, whether he had been threatened by anyone that may have influenced his decision to plead guilty, or whether he was pleading guilty to assist another individual. (*Id*. at 7-8.)  Petitioner answered "No" to each of these questions.  (*Id*.)  Moreover, when Judge Porter asked Petitioner if he was pleading guilty because he truly believed he was guilty, Petitioner responded, "Yes." (*Id*. at 8.)  All of Petitioner's statements were made under oath.  Judge Porter found Petitioner's plea knowing and voluntarily made, and that there was a factual basis to support his plea.  (*Id*. at 10.) Accordingly, as part of his plea, Petitioner understood that the crime to which Petitioner was charged carried a maximum sentence of 20 years imprisonment, a $250,000.00 fine, a $100.00 special assess-ment, and up to three years of supervised release. (*Id*. at 6.)

On July 27, 2011, Petitioner, through his counsel of record, submitted a sentencing memorandum wherein he asked the court for downward departures and other various sentencing considerations. (Doc. No. 47; Ex. B.)  Petitioner's counsel specifically challenged Probation's calculation of his criminal history, (*Id*. at 4), asked that he be granted a departure for having plead guilty early, (*Id*. at 5), and asked that the age of his prior drug trafficking conviction be considered in fashioning a downward departure, (*Id*)

On August 5, 2011, this Court sentenced Petitioner to 46 months in custody, with three years of supervised release. (Doc. No. 47; Ex. C at 3.)  Although the parties did not disagree that the sentence according to the guidelines should be between 57 and 71 months, the parties disagreed as to the ultimate sentence that should be imposed.  (*Id*. at 3.)  The Government argued the sentence should be set at 60

months, Probation argued the sentence should be set at 64 months, and Petitioner argued the sentence should be set at 24 months. (*Id*.)  At the Court's request, Petitioner's counsel further articulated the reasons for a sentence in the amount of 24 months, including but not limited to, his difficult childhood, his hard work, his dedication and commitment to his family and friends, the over-representation of his criminal history, and the fact that he pled guilty at the earliest possible time and without the benefit of a plea agreement.  (*Id*. at 3-7.)  The Court also asked the Petitioner if he would like to say anything on his own behalf, in which Petitioner responded that he was sorry for the crime he had committed, and that he had only re-entered the United States because his parents were ill.  (*Id.*)  The Court took all of these factors, including comments made by the Government and Probation, into account when setting Petitioner's sentence at 46 months— a sentence well below the statutory maximum for the offense committed. (*Id*. at 12.)  The Court also noted that Petitioner retained his rights to appeal.

On August 18, 2011, with leave of this Court, Petitioner, through his counsel of record, filed a notice of appeal of his criminal case.  (Doc. Nos. 29-32.)  Subsequently, on December 2, 2011, Petitioner filed a motion for voluntary dismissal of his appeal.  (Doc. No. 47; Ex. D.)  In the motion to voluntarily dismiss his appeal, Petitioner's counsel indicated she had discussed the matter with Petitioner and that he wanted to dismiss the appeal.  (Doc. No. 47; Ex. D.)  The motion also included a declaration by Petitioner, which stated that he understood that upon granting the motion he was waiving his right to appeal, he had discussed the matter with his counsel, and that he believed dismissal of the appeal was in his best interest.  (Doc. No. 47; Ex. E.)  On December 8, 2011, the Ninth Circuit granted Petitioner's motion to dismiss his appeal.  (Doc. No. 37.)

On April 11, 2012, Petitioner once again filed a notice of appeal, this time proceeding *pro se*. (Doc. No. 39.)  On April 18, 2012, the Ninth Circuit issued an order to show cause as to why the appeal should not be dismissed as untimely, as it was not filed within 14 days after entry of judgment, or within 30 days provided in Federal Rule of Appellate Procedure 4(b)(4).  (Doc. No. 42.)  Petitioner was provided 21 days after the date of the order to show cause in writing why the appeal should not be dismissed as untimely.  (*Id*.)  After Petitioner failed to respond, the Ninth Circuit dismissed the appeal. (Doc. No. 43.)

12ev2627_11cr1391

On October 29, 2012, Petitioner filed the instant motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255, alleging eight separate grounds for relief, including: (1) allegations that the deportation order was invalid because Petitioner was deprived of his right to counsel; (2) allegations of constitutional violations based on improper advisement of his trial rights; (3) allegations that the court failed to properly comply with Rule 11 and the Constitution during his plea proceedings; (4) allegations that his trial counsel failed to file a notice of appeal; (5) allegations that Petitioner was denied his right to effective assistance of counsel; (6) allegations that this Court committed procedural error by failing to acknowledge and support Petitioner's non-frivolous arguments in support of a below the guideline sentence; (7) allegations that his custodial sentence is more severe than probationary sentences of equivalent terms; and (8) allegations that his ineligibility for a downward departure based on his status as a deportable alien is prejudicial.  (Doc. No. 45.)  These eight claims can be summarized into two broad categories: (1) allegations that Petitioner's conviction and sentence was improper; and (2) allegations that the Petitioner was rendered ineffective assistance of counsel.  On November 15, 2012, the Government filed a response in opposition.  (Doc. No. 47.)  As of the date of this Order, Petitioner has failed to file a reply.

### *Legal Standard*

### I.    **Right to Collaterally Attack A Sentence Under § 2255**

The Ninth Circuit has held that a defendant may waive the statutory right to file a §2255 petition challenging the length of his sentence.  *See U.S. v. Abarca*, 985 F. 2d 1012, 1014 (9th Cir. 1993) *cert. denied*, 508 U.S. 979 (1993), *U.S. v. Pruitt*, 32 F. 3d 431, 433 (9th Cir. 1994).  "Collateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside [the category of ineffective assistance of counsel claims challenging the validity of the plea of the waiver] are waivable."  *U.S. v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001).

The only claims that cannot be waived are claims that the plea or waiver itself was involuntary or that ineffective assistance of counsel rendered the plea or waiver involuntary. *See Washington v. Lampert*, 422 F. 3d 864, 871(9th Cir. 2005) (holding that plea agreement that waives the right to file a federal habeas petition pursuant to §2254 is unenforceable with respect to an ineffective assistance of counsel claim that challenges the voluntariness of the waiver); *Pruitt*, 32 F. 3d at 433 (expressing

1   "doubt" that a plea agreement could waive a claim that counsel erroneously induced a defendant to

2   plead guilty or accept a particular part of the plea bargain), *Abarca*, 985 F. 2d at 1014 (expressly

3   declining to hold that a waiver forecloses a claim of ineffective assistance or involuntariness of the

4   waiver).  Nonconstitutional sentencing errors that were not challenged in an earlier proceeding cannot

5   be challenged under § 2255.  *See United States v. McMullen*, 98 F.3d 1155, 1157 (9th Cir. 1996).

6   **II.     Ineffective Assistance of Counsel**

7         The Sixth Amendment guarantees criminal defendants the constitutional right to be represented

8   by counsel at all critical stages of the prosecution.  *Turner v. Calderon*, 281 F.3d 851, 879 (9th Cir.

9   2002).  To prevail on a claim that his trial counsel rendered ineffective assistance, a petitioner must

10  demonstrate that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced

11  his defense. *Strickland v. Washington*, 466 U.S. 668, 688–93 (1984).  Under the first prong of the

12  *Strickland* test, the Court does not focus on whether counsel's advice was right or wrong, but whether

13  that advice was within the range of competence demanded of attorneys in criminal cases.  *Turner*, 281

14  F.3d at 881 (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)).  There is a "strong presump-

15  tion that counsel's conduct falls within the wide range of professional assistance." *Strickland*, 466 U.S.

16  at 689.  Under the second prong, a petitioner must "show that there is a reasonable probability that, but

17  for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable

18  probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at

19  694.

20        A petitioner must establish both deficient performance and prejudice in order to establish

21  ineffective assistance of counsel. *Strickland*, 466 U.S. at 687; *United States v. Olson*, 925 F.2d 1170,

22  1173 (9th Cir.1991). "Because failure to meet either prong is fatal to [a defendant's] claim, there is no

23  requirement that [courts] 'address both components of the inquiry if the defendant makes an insufficient

24  showing on one.' " *Gonzalez v. Wong*, 667 F.3d 965, 987 (9th Cir. 2011). The Supreme Court has

25  recognized that "[s]urmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, ——

26  U.S. ——, ——, 130 S.Ct. 1473, 1485 (2010).  The same standard applies to contentions that a

27  prisoner's guilty plea is based on ineffective assistance of counsel.  *Hill v. Lockhart*, 474 U.S. 52 (1985)

28  //

### III.    Evidentiary Hearing

A district court may not deny a Section 2255 petition without a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255.  In order for the petitioner to qualify for an evidentiary hearing, he must make "specific factual allegations which, if true, would entitle him to relief." *Baumann v. United States*, 692 F.2d 565, 571 (9th Cir. 1982).

### *Discussion*

Petitioner's argument in support of his motion is two-fold.  First, Petitioner argues his conviction and sentence below were improper; and second, Petitioner argues he received ineffective assistance of counsel because his attorney either failed to file a timely appeal, or committed various errors in the trial court or at Petitioner's sentencing.  As a preliminary matter, the Court finds Petitioner's motion raises various factual and legal allegations that clearly do not pertain to the Petitioner's case, as well as several allegations that are contradicted by the record.  However, for the sake of clarity and completeness the Court will discuss each of Petitioner's eight arguments.

### I.    Ground One: The Deportation Order Was Invalid

Petitioner first argues that his sentence should be vacated because the deportation order that formed the basis of one of the elements of his offense was invalid.  (Doc. No. 45 at 5.)  However, because Petitioner did not challenge the validity of the deportation order below, Section 2255 does not allow Petitioner to raise this argument for the first time in this context.  Moreover, a Petitioner procedurally defaults a claim such as this when he does not raise the issue on direct appeal.  *See United States v. Ratigan*, 351 F.3d 957, 962 (9th Cir. 2003).  Thus, a motion under Section 2255 may not proceed unless the Petitioner can show either (1) cause and actual prejudice; or (2) actual innocence.  *Id.* at 964.  Here, because Petitioner stated under oath when he entered his guilty plea before Judge Porter that he was "lawfully deported, excluded, and removed from the United States," Petitioner does not, and could not claim actual innocence.  (Doc. No. 47; Ex. A at 9.)

Instead the basis of Petitioner's claim rests on his assertion that he received ineffective assistance of counsel, both on appeal and at trial.  The Court finds both of these allegations unsupported by the record.  First, Petitioner's trial counsel *did* file a timely notice of appeal on his behalf, and it was

1   only after consulting with Petitioner, that the Ninth Circuit granted Petitioner's voluntary notice of

2   dismissal.  Moreover, nearly four months later, when Petitioner elected to file another notice of appeal,

3   this time *pro se*, Petitioner's failure to respond to the Ninth Circuit's order to show cause was the

4   inevitable reason for the appeal's dismissal.  Second, with respect to Petitioner's assertion that he

5   received ineffective assistance of counsel prior to his appeal, Petitioner fails to offer any support for his

6   claim that (1) his counsel's performance was deficient; and (2) the deficient performance prejudiced his

7   defense.  *Strickland*, 466 U.S. at 689.  To the contrary, the record shows that Petitioner's counsel

8   throughly discussed the case with Petitioner prior to Petitioner guilty plea, prepared an extensive

9   sentencing memorandum, and argued in favor of a lower sentence at Petitioner's sentencing hearing.

10  Accordingly, there is no factual basis to support Petitioner's first allegation that his counsel failed to

11  investigate the validity of his deportation, or failed to discuss with Petitioner his options for challenging

12  it.[2]

13  **II.     Ground Two: Failure to Advise Petitioner of His Trial Rights**

14          Petitioner's second contention is that his sentence should be vacated because he was not advised

15  of his trial rights during his Rule 11 guilty plea colloquy, which resulted in an involuntary and

16  unknowing plea.  (Doc. No. 45 at 6.)  This assertion is clearly contradicted by the record.  At his change

17  of plea hearing, Judge Porter clearly informed Petitioner that by pleading guilty he was giving up his

18  right to have a speedy and public jury trial, the right to be convicted by evidence beyond a reasonable

19  doubt, and the right to make the Government prove their case beyond a reasonable doubt. (Doc. No. 47;

20  Ex. A at 5.)  Petitioner thereafter waived his rights and still wished to proceed with his guilty plea.  (*Id*.

21  at 8.)  Moreover, the record is clear that Petitioner's guilty plea was made knowingly and voluntarily,

22  and that there was a factual basis to support his plea.  (*Id*. at 10.)  Thus, because Petitioner failed to raise

23  these arguments on appeal, and has not otherwise shown that his counsel was deficient, Petitioner's

24  second ground for relief must fail.  *See Padilla*, 130 S. Ct. at 1476-77.

25  **III.    Ground Three: Failure to Advise Petitioner of His Trial Rights**

26

27  _____

28      [2] The Government represents that they spoke with Petitioner's counsel, Alysia Franklin, and that Ms. Franklin confirmed that it is her standard practice to discuss her client's immigration histories with them during the course of her representation. (Doc. No. 47 at 7.)

1   Petitioner's third ground for relief is essentially a reiteration of his second ground for relief.

2   (Doc. No. 45 at 8.)  The only new allegation Petitioner raises is that Judge Porter failed to advise him of

3   the full range of punishment to which he was exposed. (*Id.*)  This argument again is without merit.

4   Judge Porter explicitly informed Petitioner that the maximum penalty for the charge was twenty (20)

5   years imprisonment, a $250,000.00 fine, a $100.00 special assessment, and up to three years of

6   supervised release.  (Doc. No. 47; Ex. A at 6.)  Petitioner acknowledged this when he agreed to plead

7   guilty after having been informed of the maximum penalty.  (Doc. No. 47; Ex. A at 8.)  Moreover,

8   Petitioner alleges that there was in some way a breach of his plea agreement.  (Doc. No. 45 at 8.)

9   However, the record is clear that Petitioner never entered into a plea agreement with the government.

10  Accordingly, Petitioner's third ground for relief must also fail.

11  **IV.    Ground Four: Trial Counsel's Failure to File a Notice of Appeal**

12  Petitioner's fourth ground for relief asserts that his sentence should be vacated because his tria;

13  counsel failed to file a timely notice of appeal, and that his counsel disregarded a specific instruction

14  from Petitioner in doing so.  (Doc. No. 45 at 9.)  Petitioner further argues that he did not waive his right

15  to appeal his conviction and/or his sentence.  (*Id*.)  However, as stated above, these assertions are

16  contrary to the record.  Petitioner's counsel timely filed a notice of appeal, and his appeal was only

17  voluntarily dismissed after Petitioner submitted a declaration with his motion stating that he has

18  "consulted with counsel and [does] not believe, for the reasons set forth in her declaration, that an

19  appeal [would] be in [his] best interest."  (Doc. No. 47; Ex. E.)  Thus, because this Court was clear at

20  the sentencing hearing that the Petitioner did not waive his right to appeal, and Petitioner has not stated

21  any grounds that his counsel was ineffective in pursing the appeal, Petitioner's fourth ground must fail.

22  **V.    Ground Five: Ineffective Assistance of Counsel**

23  In his fifth ground for relief Petitioner asserts that his sentence should be vacated because his

24  counsel: (1) failed to investigate witnesses who would have been favorable to his case; (2) undermined

25  his motion to suppress by limiting his suppression motion; (3) failed to keep Petitioner appraised of his

26  defenses; (4) failed to object to misleading testimony; (5) committed cumulative errors; and (6) failed to

27  make various sentencing objections.  (Doc. No. 45 at 11-12.)

28

12cv2627_11cr1391

To prevail on his motion, Petitioner must show that his (1) counsel's performance was deficient; and (2) that the deficient performance prejudiced his defense. *Strickland,* 466 U.S. 668, 688–93(1984). Because there is a "strong presumption that counsel's conduct falls within the wide range of professional assistance," Petitioner bears the burden of establishing both prongs of the Strickland test. *Id.* at 689. Petitioner has failed to meet this burden. For example, Petitioner does not identify which witnesses his counsel should have investigated, or what any of those alleged witnesses would have said that could have been favorable to his case. Moreover, Petitioner's allegations raise arguments not pertinent to his case. For example, Petitioner's counsel did not file a suppression motion, nor did his counsel improperly limit any memorandum urging suppression. Moreover, because there was no trial or evidentiary hearing in this case, Petitioner's counsel could not have failed to object to misleading testimony. Finally, the record is replete with evidence that Petitioner's counsel did in fact file a lengthy sentencing memorandum on his behalf, and argued extensively in his favor before this Court at his sentencing hearing. Accordingly, the Court finds Petitioner has not satisfied either prong of the *Strickland* test and his fifth ground for relief must fail.

## VI.   Ground Six: Procedural Errors During Sentencing

Petitioner's sixth ground for relief argues that his sentence should be vacated because this Court committed various procedural errors at sentencing. (Doc. No. 45 at 13.) However, because Petitioner failed to raise these issues on appeal, these arguments are not an appropriate bases for relief under Section 2255. *See McMullen,* 98 F.3d at 1157 ("Petitioners waive the right to object in collateral proceedings unless they make a proper objection before the district court or in a direct appeal from the sentencing decision."). Accordingly, because Petitioner did not waive his right to appeal, but elected instead to voluntarily dismiss his appeal, the Court finds Petitioner's sixth ground for relief must fail.

## VII.   Ground Seven: Unreasonable Sentence

Petitioner's seventh ground for relief argues that his sentence should be vacated because the Court committed various procedural errors at sentencing, for example, failing to consider certain factors in arriving in the sentence imposed. (Doc. No. 45 at 14.) As stated above, these are not proper arguments in support of a motion to vacate or set aside a sentence under Section 2255. Accordingly,

1  because Petitioner chose to voluntarily dismiss his appeal, the Court finds Petitioner's seventh ground

2  for relief must fail.

3  **VIII.   Ground Eight: Unreasonable Sentence**

4          Petitioner's final ground for relief argues that his sentence should be vacated because the Court

5  failed to consider certain sentencing factors that relate to his status as a deportable alien.  (Doc. No. 45

6  at 15-16.)  This argument does not present proper grounds for relief under Section 2255.  Moreover, to

7  the extent Petitioner seeks to make a constitutional equal protection clause regarding the length or

8  conditions imposed on his sentence, the Ninth Circuit has found such arguments to be without merit.

9  *See McLean v. Crabtree*, 173 F.3d 1176, 1186 (9th Cir. 1999) ("We do hold, however, that excluding

10  prisoners with detainers from participating in community-based treatment programs, and consequently

11  from sentence reduction eligibility, is at least rationally related to the BOP's legitimate interest in

12  preventing prisoners from fleeing detainers while participating in community treatment programs.

13  Therefore, the detainer exclusion survives rational basis review.").  Accordingly, Petitioner's final

14  ground for relief must also fail.

15                                    *Conclusion*

16          For the foregoing reasons, the Court finds that Petitioner's motion, the briefs filed in support and

17  opposition thereof, and the record in this case, conclusively establish that Petitioner is not entitled to

18  relief.  As such, the court has found no right or basis to an evidentiary hearing in this case.  Accordingly,

19  the Court **DENIES** Petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. §

20  2255.  The Court also denies a certificate of appealability because Petitioner has not "made a substantial

21  showing of the denial of a constitutional right."  *See* 28 U.S.C. § 2253(c)(2).  The Clerk of the Court is

22  instructed to close the case and enter judgment accordingly.

23  IT IS SO ORDERED.

24

25  DATED:  December 5, 2012

26                                            _____

27                                            Hon. Anthony J. Battaglia
                                              U.S. District Judge

28

12cv2627_11cr1391